[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10366

_____

D.C. Docket No. 1:09-cr-20641-DLG-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2011
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD WARREN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2011)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant Edward Warren appeals his two drug convictions and sentences for violations of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. On appeal, Warren raises these issues:

(1) whether the district court erred in denying his motion to suppress post-arrest statements as involuntary, in violation of Miranda v. Arizona, 384 U.S. 436 (1966);

(2) whether the district court erred in finding that there was probable cause for his arrest and in not suppressing his post-arrest statements as the fruit of an illegal arrest;

(3) whether there were multiple trial errors that cumulatively prejudiced Warren to the extent that he is entitled to a new trial; and

(4) whether his 103 months' sentence was both substantively and procedurally unreasonable.

After review and with the benefit of oral argument, we conclude that issues 1, 3, and 4 lack merit. As to issue 2, the record shows that Warren's motion to suppress was filed the day before trial and claimed only that his post-arrest statements were involuntary because he was not properly afforded his Miranda warnings; it did not raise the probable cause for arrest argument. However, the district court sua sponte addressed the probable cause issue, ruling that Warren was given proper Miranda warnings, his post-arrest statements were voluntary, there was probable cause for his arrest, and therefore, his post-arrest statements

2

were admissible. On appeal, Warren claims that the district court erred in finding probable cause for his arrest.

In the past, we have exercised discretion to review an issue the district court has actually ruled upon, finding that such a ruling preserves the issue for our review. United States v. Lall, 607 F.3d 1277, 1290 (11th Cir. 2010). But, given how the case proceeded, the government at the evidentiary hearing did not have notice that probable cause for the arrest was an issue as to the post-arrest statements. While we exercise our discretion to address the issue, the government should have an opportunity to present evidence on the probable cause for arrest issue. Thus, we affirm the district court's rulings as to the Miranda issue, the denial of the new trial, and the sentencing issues, but vacate the district court's ruling as to the probable cause for arrest issue and remand solely for an evidentiary hearing as to the motion to suppress with reference to the probable cause for arrest issue.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**